BOARD OF POLICE COMMISSIONERS OF THE CITY OF WY-
ANDOTTE v. MAYOR AND COMMON COUNCIL OF THE
CITY OF WYANDOTTE.

JUDGMENTS—CONCLUSIVENESS OF ADJUDICATION.

A judgment in mandamus deciding that it was the duty of the
common council of a city to make an appropriation to cover
the estimate made by the police board of the city for a par-
ticular year imposes the duty upon the council of allowing
the pay roll of the police officers, and mandamus will issue to
compel performance, the objections of the council being the
same in both cases.

Certiorari to Wayne; Hosmer, J. Submitted October
6, 1908. (Calendar No. 22,938.) Decided November 2,
1908.

Mandamus by the board of police commissioners of the
city of Wyandotte to compel the mayor and common
council of the city of Wyandotte to allow a certain pay
roll. There was an order granting the writ, and respond-
ents bring certiorari. Affirmed.

*A. B. Hall* and *Ari E. Woodruff*, for relator.

*P. J. M. Hally*, for respondents.

PER CURIAM. On May 19th last the relator filed a
petition in this court against the respondent, to compel a
compliance by the respondent with the law requiring it to
make an appropriation for the support of the police de-
partment of the city for the year 1908. The petitioner
presented a valid excuse for not applying to the circuit
court. An answer was filed May 26th. The case was
heard May 27th, and the following order entered:

"This cause having been heard upon the petition of the
relator, the answer of respondent, and the briefs and
arguments of counsel, and the court having duly consid-

ered the same, and no sufficient cause being shown to the contrary, thereupon it is ordered that a peremptory writ of mandamus issue out of and under the seal of this court to compel it, the common council of the city of Wyandotte, to forthwith appropriate the sum of $5,000 to cover the estimate made by the said police board of the city of Wyandotte for the police fund for the fiscal year 1908."

No opinion was filed. On June 1st relator sent a communication to the common council, accompanied by a pay roll of the marshal and policemen of the city. The respondent refused to allow the pay roll. Thereupon the relator filed a petition in the circuit court for the writ of mandamus to compel its allowance. The circuit court granted the writ, and the respondent has brought the case before us for review upon the writ of certiorari.

The issue in this case is substantially the same as in the former. The respondent, in its answer to the petition, admits that the same objections were made to that proceeding as are made to this. It was there decided that it was the duty of the respondent to make the appropriation to pay the marshal and policemen employed by the relator. If it is the duty of the respondent to raise the funds, it was likewise its duty to pay them out on the order of the relator. It is proper to say, in view of the arguments presented, that it was not determined by our prior decision, and is not now held, that the common council of the city of Wyandotte may not, in good faith, and at a proper time, by ordinance or otherwise, fix the number of policemen and watchmen, with pay, to be appointed by the board of police commissioners.

The judgment of the court below is affirmed, with costs.